UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARSENIO DECORD STEWART,

          Plaintiff,

v.                                         Case No. 3:22-cv-932-BJD-JBT

LONDON M. BOONE, et al.,

          Defendants.

_____

## ORDER

### I. Status

      Plaintiff, Arsenio Decord Stewart, an inmate of the Florida Department of Corrections, is proceeding *pro se* and *in forma pauperis* on an Amended Complaint for the violation of civil rights under 42 U.S.C. § 1983 against six Defendants based on conduct that occurred at Hamilton Correctional Institution (HCI) on November 11, 2021 (Doc. 13; Am. Compl.). The events started when Defendant Officer Boone directed Plaintiff and his cellmate to exit their cell for a search. *See* Am. Compl. at 10. Plaintiff claims Defendant Boone falsified a disciplinary report stating he found a home-made knife in Plaintiff's cell, allegedly in retaliation for Plaintiff having filed a Prison Rape Elimination Act (PREA) complaint against Defendant Boone for sexual harassment. *Id.*

Plaintiff concedes he disobeyed Defendant Boone's command to "cuff up," ran from Boone, and then physically battered him before Boone was able to subdue Plaintiff with a chokehold. *Id.* Plaintiff alleges he "felt [Boone's] hardened penis pressed against [his] butt" when Boone had him in a chokehold, which caused him to fear for his life and fight back. *Id.* at 10-11. Other officers intervened, and Plaintiff was placed in hand and leg restraints and "slammed" to the ground. *Id.* at 11. Plaintiff alleges that, while he was fully restrained on the ground, he was "kicked several times" by officers, including Defendants Montague and Norton. *Id.* at 11.

Plaintiff acknowledges he was taken for a post-use-of-force assessment but asserts Defendant Nurse J. Selph "denied [him] medical attention/treatment for the visible rib injuries that occurred during the use of force." *Id.* With his complaint, Plaintiff provides copies of grievance records (Doc. 13-1; Pl. Ex. A). In response to grievances in which Plaintiff complained he did not receive medical treatment for his obvious rib injuries, prison officials informed Plaintiff as follows: "during your [post-use-of-force] assessment[,] acute injury was noted in the rib area"; and  the rib injury was merely "noted" rather than treated "because [Plaintiff] did not declare a Medical Emergency." *See* Pl. Ex. A at 1, 3.

2

In addition to naming as Defendants Officers Boone, Montague, and Norton and Nurse Selph, Plaintiff names supervisory officials: the Warden of HCI, who allegedly knew of Plaintiff's PREA complaint against Defendant Boone but did not keep Boone away from Plaintiff while the investigation was pending; and "John Doe," an investigator with the Office of the Inspector General, who allegedly failed to "properly investigat[e]" Plaintiff's PREA complaint against Defendant Boone. *See* Am. Compl. at 2, 11-12, 16. Plaintiff has not yet identified the John Doe Defendant for service. *See* Order (Doc. 12).

Plaintiff names all Defendants in their individual and official capacities. *See* Am. Compl. at 3-5. He asserts all Defendants violated his rights under the Eighth Amendment, causing injuries to his neck, back, and ribs (with difficulty breathing). *Id.* at 4, 13. In addition to compensatory damages, Plaintiff requests that he be released from close management, his gain time be restored, the officer-Defendants be criminally charged, and the Warden be fired.[1] *Id.* at 14-15.

---

[1] The Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)). For instance, district courts generally will not interfere with matters of prison administration, including employee discipline. Additionally, this Court cannot initiate a criminal investigation into alleged unlawful actions by prison staff.

3

Before the Court are the following motions: (1) Defendants Boone, Montague, Norton, and Warden Polk's Motion to Dismiss (Doc. 40; Boone Mot.); (2) Defendant Selph's Motion to Dismiss (Doc. 42; Selph Mot.); and (3) Plaintiff's Motion for Partial Summary Judgment (Doc. 44; Pl. Mot.). Plaintiff has responded to Defendants' motions (Docs. 41, 43, 45), but Defendants have not responded to Plaintiff's.

Before addressing Defendants' motions, the Court quickly will address Plaintiff's. Plaintiff contends he seeks "partial summary judgment as to the relief requested, i.e. release from Close Management . . . and reinstatement of gain time." *See* Pl. Mot. at 1. Not only is Plaintiff's motion premature, but the relief he seeks is unrelated to the claims he pursues.[2] Moreover, his motion is facially insufficient. *See* Fed. R. Civ. P. 56(c) (explaining that a party moving for or opposing summary judgment must support factual assertions by "citing to particular parts of materials in the record"); M.D. Fla. R. 3.01(a) (providing

---

[2] Plaintiff seeks such relief in his complaint. *See* Am. Compl. at 14. However, even if he were to prove his claims (retaliation, excessive force, and deliberate indifference), he would not be entitled to release from close management or reinstatement of gain time. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Preiser v. Rodriguez*, 411 U.S. 475, 498, 500 (1973) (holding that a prisoner who "challeng[es] the fact or duration of his physical confinement itself" or requests speedier release from confinement seeks relief that is at "the heart of habeas corpus").

that a motion must be supported by a memorandum of law). As such, Plaintiff's motion is due to be denied.

## II. Motion to Dismiss Standard

A defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In ruling on such a motion, the court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though detailed factual allegations are not required, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A plaintiff should allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Generally, a court should not consider extrinsic evidence when ruling on a motion to dismiss. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). However, a court may consider extrinsic evidence when ruling on a 12(b)(6) motion if a document incorporated by reference in the complaint "is (1) central to the plaintiff's claim and (2) undisputed." *Day v.*

5

*Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). *See also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal.").

Here, Plaintiff incorporates by reference grievance records he contends are central to his claims (Docs. 13-1, 13-2), the authenticity of which Defendants do not contest. As such, the Court will consider them to the extent relevant.

### III. Defendants' Motions

First, Defendants Boone, Montague, Norton, and Warden Polk invoke qualified immunity, arguing that Plaintiff fails to state a deliberate indifference claim against them because his allegations are vague, conclusory, and made against them collectively rather than individually. *See* Boone Mot. at 4-5. Additionally, Defendants contend Plaintiff's complaint is a shotgun pleading. *Id.* at 5.

The Court disagrees on both points. In accordance with federal pleading standards—which are not "heightened" when a defendant is entitled to invoke qualified immunity, contrary to Defendants' assertion—Plaintiff's allegations

are "short and plain" and stated in "numbered paragraphs." *See* Fed. R. Civ. P. 8(a)(1); Fed. R. Civ. P. 10(b). *See also Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) ("After *Iqbal*[,] it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)[], including civil rights complaints."). Moreover, with the benefit of liberal construction, Plaintiff's separate claims against each Defendant are discernible, as are the facts supporting them: a First Amendment claim against Defendant Boone (for retaliating against Plaintiff for filing a PREA complaint); an Eighth Amendment sexual assault claim against Defendant Boone (for grinding his penis against Plaintiff's buttocks); an Eighth Amendment excessive force claim against Defendants Montague and Norton (for kicking Plaintiff when he was fully restrained and lying on the ground); and an Eighth Amendment failure to protect claim against Warden Polk (for permitting Defendant Boone to interact with Plaintiff during the pendency of a PREA investigation).

Defendants do not move to dismiss these claims but rather argue Plaintiff fails to state a plausible deliberate indifference claim against them. Plaintiff does not purport to assert a deliberate indifference claim against Defendants Boone, Montague, Norton, or Warden Polk. Because Plaintiff's Amended Complaint is not a shotgun pleading, and Defendants do not move to

dismiss the claims Plaintiff raises against them, Defendants Boone, Montague, Norton, and Warden Polk's Motion to Dismiss is due to be denied.

Next, Defendant Selph argues Plaintiff fails to state a plausible deliberate indifference claim against him because Plaintiff does not allege he had a serious medical need or that Defendant Selph was deliberately indifferent to an alleged serious medical need that resulted in an injury. *See* Selph Mot. at 5-6, 8-10. In explanation, Defendant Selph contends Plaintiff's "claim is only supported by his self-diagnosis and subjective complaints of pain," Plaintiff merely "disagrees with his course of treatment," Plaintiff's suggestion that his permanent disfigurement "could" be the result of Defendants Selph's refusal to treat him is conclusory, and any lasting injury Plaintiff sustained is the result of the force incidents he describes in his complaint. *Id.* at 7, 8, 9.[3]

"A core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care . . . or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness."

---

[3] Defendant Selph also argues Plaintiff has not complied with the presuit requirements mandated under Florida Statutes for a medical malpractice action. *See* Selph Mot. at 10. Plaintiff does not bring a medical malpractice action under Florida law, so the Court will not address this argument.

*McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999). To state a deliberate

indifference claim, a plaintiff first must allege he had a serious medical need.

*Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

> "A serious medical need is considered 'one that
> has been diagnosed by a physician as mandating
> treatment or one that is so obvious that even a lay
> person would easily recognize the necessity for a
> doctor's attention.'" In either case, "the medical need
> must be one that, if left unattended, pos[es] a
> substantial risk of serious harm."

*Id.* (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)) (internal

citations omitted). Next, the plaintiff must "allege that the prison official, at a

minimum, acted with a state of mind that constituted deliberate indifference."

*Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Finally, the

plaintiff must allege facts showing a causal connection between the defendant's

conduct and his resulting injuries. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291,

1306-07 (11th Cir. 2009), *overruled in part on other grounds by Hope v. Pelzer*,

536 U.S. 730, 739 (2002).

The following conduct may constitute deliberate indifference: knowing

an inmate needs medical care but intentionally refusing to provide that care,

*Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985);

providing care that is "so cursory as to amount to no treatment at all," *id.*; or

unnecessarily delaying treatment for a known serious injury, *Brown v. Hughes*,

894 F.2d 1533, 1538 (11th Cir. 1990) ("[A]n unexplained delay of hours in treating a serious injury states a prima facie case of deliberate indifference."). *See also Harris v. Coweta Cnty.*, 21 F.3d 388, 394 (11th Cir. 1994) ("A few hours' delay in receiving medical care for emergency needs such as broken bones . . . may constitute deliberate indifference.").

Plaintiff alleges a plausible deliberate indifference claim against Defendant Selph: He alleges he had "visible rib injuries" that made it difficult for him to breathe; Defendant Selph knew his ribs were injured but rendered no medical treatment; and, because of Defendant Selph's conduct, he suffered pain and perhaps other injuries. *See* Am. Compl. at 11, 13, 15. Defendant Selph's assertion that Plaintiff's "claim is only supported by his self-diagnosis and subjective complaints of pain" is disingenuous given grievance records reflect that Plaintiff's physical assessment showed he had an "acute injury . . . in the rib area." *See* Selph Mot. at 7; Pl. Ex. A at 1.

Also disingenuous is the contention that Plaintiff merely "disagrees with his course of treatment." *See* Selph Mot. at 8. Plaintiff alleges there was no course of treatment with which he could disagree, which could suggest deliberate indifference. *See McElligott*, 182 F.3d at 1256-57 (recognizing that negligently diagnosing an injury is not deliberate indifference but ignoring a

10

prisoner's need for "further diagnosis of and treatment for . . . severe pain" may constitute deliberate indifference).

It is unknown at this time whether anything could have been done to treat Plaintiff's acute rib injury such that leaving it unattended posed a substantial risk of serious harm to Plaintiff. However, given the injury was noticed and documented by a medical provider, and Plaintiff alleges he was having difficulty breathing, the Court finds he sufficiently alleges he had a serious medical need of which Defendant Selph was aware. Moreover, the December 20, 2021 grievance response permits the reasonable inference that Plaintiff's injury essentially was ignored simply because he did not himself declare a medical emergency, even though he was undergoing a post-use-of-force physical examination at the time. *See* Pl. Ex. A at 3.

In short, Plaintiff alleges Defendant Selph knew he needed medical care but intentionally refused to provide that care or rendered care "so cursory as to amount to no treatment at all." *See Ancata*, 769 F.2d at 704. Plaintiff's allegations, accepted as true, permit the reasonable inference that Defendant Selph was deliberately indifferent to his serious medical needs. Accordingly, Defendant Selph's Motion to Dismiss is due to be denied.

11

## IV. Sua Sponte Frivolity Review

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint or a portion of a complaint at any time if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

Even if Plaintiff were to identify the John Doe Defendant for service, the claim is due to be dismissed because Plaintiff fails to state a plausible claim against this Defendant. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. Plaintiff alleges the John Doe Defendant failed to properly investigate his PREA complaint against Defendant Boone. *See* Am. Compl. at 12, 16. Accepting this allegation as true, such conduct is not a constitutional violation. *See Fulmore v. Andre*, No. 8:12-cv-1705-T-30EAJ, 2012 WL 4856938, at *3 n.8 (M.D. Fla. Oct. 12, 2012) ("[P]risoners do not have a constitutional right to any specific kind of investigation by prison officials.").

12

Moreover, a prison official may not be held liable under § 1983 on a theory of vicarious liability. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). *See also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior."). A claim against a supervisor arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Id.*

Absent personal participation in a constitutional violation, the requisite causal connection "can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *See id.*; *Cottone*, 326 F.3d at 1360. A plaintiff relying on the "history of widespread abuse" theory must demonstrate the past deprivations were "obvious, flagrant, rampant and of continued duration," such that the supervising official was on notice of the need to take corrective action. *See Crawford*, 906 F.2d at 671. "A single incident of a constitutional violation is insufficient to prove a policy or custom . . . ." *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1311 (11th Cir. 2011).

Plaintiff does not allege the John Doe Defendant personally participated in the actions that occurred on November 11, 2021, and he does not otherwise allege facts to establish the requisite causal connection for supervisory liability under § 1983. To the extent Plaintiff suggests the John Doe Defendant should have anticipated he would be sexually or physically assaulted because he had on one prior occasion reported an incident of sexual assault, his allegations do not demonstrate a "history of widespread abuse" that was "obvious, flagrant, rampant and of continued duration" such that John Doe was on notice of the need to take corrective action. *See Crawford*, 906 F.2d at 671. Accordingly, the Court finds Plaintiff's claim against the John Doe Defendant is due to be dismissed without prejudice under the PLRA.

Accordingly, it is now

**ORDERED**:

1.    Defendants Boone, Montague, Norton, and Warden Polk's Motion to Dismiss (Doc. 40) is **DENIED**.

2.    Defendant Selph's Motion to Dismiss (Doc. 42) is **DENIED**.

3.    Plaintiff's Motion for Partial Summary Judgment (Doc. 44) is **DENIED**.

4.    Plaintiff's claim against the John Doe Defendant is **DISMISSED without prejudice** for Plaintiff's failure to state a plausible claim for relief.

14

5.      Defendants Boone, Montague, Norton, Warden Polk, and Selph shall answer the Amended Complaint (Doc. 13) within **twenty days** of the date of this Order.

6.      The **Clerk** shall terminate the John Doe Defendant as a party to this action.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of January 2024.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Arsenio Decord Stewart
Counsel of Record

15